**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| TYSON ROMERO on behalf of himself and all others similarly situated,<br><br>     Plaintiff,<br><br>  v.<br><br>CENTER FOR EXCELLENCE IN HIGHER EDUCATION,  INC.,<br><br>     Defendant. | CIV. A. NO. _____ |

**CLASS ACTION COMPLAINT FOR**
**VIOLATION OF WARN ACT 29 U.S.C. § 2101, ET SEQ.**

Plaintiff Tyson Romero ("Plaintiff") alleges on behalf of himself and a class of similarly situated former employees of Defendant by way of his Class Action Complaint against Center for Excellence in Higher Education, Inc. ("CEHE" or "Defendant") as follows:

**NATURE OF THE ACTION**

1. On or about August 2, 2021 and within 90 days of that date, Defendant terminated the employment of over 300 employees without notice.

2. Plaintiff Romero was an employee of CEHE until August 2, 2021 when he and others were suddenly terminated without notice.

3. Plaintiff brings this action on behalf of himself, and other similarly situated former employees who worked for Defendant and who were terminated without cause, as part of, or as the foreseeable result of, the plant closing or mass layoff ordered by Defendant beginning on or about August 2, 2021 and within 90 days of that date, and who were not provided 60 days advance

written notice of their terminations by Defendant, as required by the Worker Adjustment and Retraining Notification Act ("WARN Act"), 29 U.S.C. § 2101 *et seq*.

4.      Plaintiff and all similarly situated employees seek to recover 60 days wages and benefits, pursuant to the WARN Act, from Defendant.

## JURISDICTION AND VENUE

5.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1334, and 29 U.S.C. § 2104(a)(5).

6.      Venue is proper in this District pursuant to 29 U.S.C. § 2104(a)(5).

## THE PARTIES

### *Plaintiff*

7.      Until he was terminated on or about August 2, 2021, Plaintiff Tyson Romero was employed by CEHE for seven years, most recently in its financial planning department.

8.      At the time of his termination, Plaintiff reported to Defendant's headquarters located at 4021 South 700 East, Salt Lake City, Utah.

### *Defendant*

9.      Defendant CEHE is a higher education institution with its corporate headquarters located at 4021 South 700 East, Salt Lake City, Utah.

10.     Defendant is a Delaware non-profit corporation and conducted business in this district.

11.      CEHE maintained other locations where it conducted business including, but not limited to, 9801 N. Metro Parkway East, Phoenix, Arizona (together with headquarters, the "Facilities").  Until about August 2, 2021, Plaintiff and all similarly situated employees were employed by Defendant and worked at or reported to Defendant's Facilities.

12.     Upon information and belief, Defendant made the decision to terminate the employment of Plaintiff and the other similarly situated former employees.

## WARN CLASS ALLEGATIONS, 29 U.S.C. § 2104

13.     Plaintiff brings this Claim for Relief for violation of 29 U.S.C. § 2101 *et seq*., on behalf of himself and on behalf of all other similarly situated former employees, pursuant to 29 U.S.C. § 2104(a)(5) and Fed. R. Civ P. 23(a), who worked at, reported to, or received assignments from Defendant's Facilities and were terminated without cause beginning on or about August 2, 2021 and within 90 days of that date, or were terminated without cause as the reasonably foreseeable consequence of the mass layoff and/or plant closing ordered by Defendant beginning on or about August 2, 2021, and who are affected employees, within the meaning of 29 U.S.C. § 2101(a)(5) (the "WARN Class").

14.     The persons in the WARN Class identified above ("WARN Class Members") are so numerous that joinder of all members is impracticable.  Although the precise number of such persons is unknown, the facts on which the calculation of that number can be based are presently within the sole control of Defendant.

15.      On information and belief, the identity of the members of the class and the recent residence address of each of the WARN Class Members is contained in the books and records of Defendant.

16.     On information and belief, the rate of pay and benefits that were being paid by Defendant to each WARN Class Member at the time of his/her termination is contained in the books and records of the Defendant.

17.     Common questions of law and fact exist as to members of the WARN Class, including, but not limited to, the following:

(a)  whether the members of the WARN Class were employees of the Defendant who worked at or reported to Defendant's Facilities;

(b)  whether Defendant unlawfully terminated the employment of the members of the WARN Class without cause on their part and without giving them 60 days advance written notice in violation of the WARN Act; and

(c)  whether Defendant unlawfully failed to pay the WARN Class members 60 days wages and benefits as required by the WARN Act.

18.    Plaintiff's claims are typical of those of the WARN Class.  Plaintiff, like other WARN Class members, worked at Defendant's Facilities, and was terminated without cause beginning on or about August 2, 2021, due to the mass layoff and/or plant closing ordered by Defendant.

19.    Plaintiff will fairly and adequately protect the interests of the WARN Class. Plaintiff has retained counsel competent and experienced in complex class actions, including the WARN Act and employment litigation.

20.    On or about August 2, 2021, Defendant terminated Plaintiff's employment as part of a mass layoff or a plant closing as defined by 29 U.S.C. § 2101(a)(2), (3), for which they were entitled to receive 60 days advance written notice under the WARN Act. Class certification of these claims is appropriate under Fed. R. Civ. P. 23(b)(3) because questions of law and fact common to the WARN Class predominate over any questions affecting only individual members of the WARN Class, and because a class action superior to other available methods for the fair and efficient adjudication of this litigation – particularly in the context of WARN Act litigation, where individual plaintiffs may lack the financial resources to vigorously prosecute a lawsuit in federal

court against a corporate defendant, and damages suffered by individual WARN Class members are small compared to the expense and burden of individual prosecution of this litigation.

21.     Concentrating all the potential litigation concerning the WARN Act rights of the members of the Class in this Court will obviate the need for unduly duplicative litigation that might result in inconsistent judgments, will conserve the judicial resources and the resources of the parties and is the most efficient means of resolving the WARN Act rights of all the members of the Class.

22.     Plaintiff intends to send notice to all members of the WARN Class to the extent required by Rule 23.

## CLAIM FOR RELIEF

## Violation of the WARN Act, 29 U.S.C. § 2104

23.     Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

24.     At all relevant times, Defendant employed more than 100 employees who in the aggregate worked at least 4,000 hours per week, exclusive of hours of overtime, within the United States.

25.     At all relevant times, Defendant was an "employer," as that term is defined in 29 U.S.C. § 2101 (a)(1) and 20 C.F.R. § 639(a) and continued to operate as a business until it decided to order a mass layoff or plant closing at the Facilities.

26.     On or about August 2, 2021, Defendant ordered a mass layoff and/or plant closing at the Facilities, as those terms are defined by 29 U.S.C. § 210l(a)(2).

27.     The mass layoff or plant closing at the Facilities resulted in "employment losses," as that term is defined by 29 U.S.C. §2101(a)(2) for at least fifty of Defendant's employees as well as thirty-three percent (33%) of Defendant's workforce at each facility, excluding "part-time employees," as that term is defined by 29 U.S.C. § 2l01(a)(8).

28.     Plaintiff and the Class Members were terminated by Defendant without cause on their part, as part of or as the reasonably foreseeable consequence of the mass layoff or plant closing ordered by Defendant at the Facilities.

29.     Plaintiff and the Class Members are "affected employees" of Defendant, within the meaning of 29 U.S.C. § 210l(a)(5).

30.     Defendant was required by the WARN Act to give the Plaintiff and the Class Members at least 60 days advance written notice of their terminations.

31.     Defendant failed to give the Plaintiff and the Class members written notice that complied with the requirements of the WARN Act.

32.     Plaintiff and each of the Class Members, are "aggrieved employees" of the Defendant as that term is defined in 29 U.S.C. § 2104 (a)(7).

33.     Defendant failed to pay the Plaintiff and each of the Class Members their respective wages, salary, commissions, bonuses, accrued holiday pay and accrued vacation for 60 days and other compensation following their respective terminations and failed to provide employee benefits under COBRA for 60 days from and after the dates of their respective terminations.

## **PRAYER FOR RELIEF**

WHEREFORE, the Plaintiff, individually and on behalf of all other similarly situated persons, pray for the following relief as against Defendant:

A.      Certification of this action as a class action;

B.      Designation of the Plaintiff as the Class Representative;

C.      Appointment of the undersigned attorneys as Class Counsel;

D.      A judgment against Defendant in favor of the Plaintiff and the other similarly situated former employees equal to the sum of: their unpaid wages, salary, commissions, bonuses, accrued holiday pay, accrued vacation pay, pension and 401(k) contributions and other COBRA benefits, for 60 days, that would have been covered and paid under the then-applicable employee benefit plans had that coverage continued for that period, all determined in accordance with the WARN Act, 29 U.S.C. § 2104 (a)(1)(A);

E.      Such other and further relief as this Court may deem just and proper.

DATED: August 2, 2021

By:                              /s/ Christopher D. Loizides
                                 Christopher D. Loizides (No. 3968)
                                 **LOIZIDES, P.A.**
                                 1225 King Street, Suite 800
                                 Wilmington, Delaware 19801
                                 Telephone: (302) 654-0248
                                 Facsimile: (302) 654-0728
                                 E-mail: loizides@loizides.com

OF COUNSEL:

René S. Roupinian, Esq. *(pro hac vice forthcoming)*
Jack A. Raisner, Esq. *(pro hac vice forthcoming)*
RAISNER ROUPINIAN LLP
270 Madison Avenue, Suite 1801
New York, NY 10016
Telephone: (212) 221-1747
Email: jar@raisnerroupinian.com
Email: rsr@raisnerroupinian.com

*Attorneys for Plaintiff and the putative Class*