IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

TYSON ROMERO,

        Plaintiff,

v.                             Civil Action No. 21-1124-RGA

CENTER FOR EXCELLENCE IN
HIGHER EDUCATION, INC.,

        Defendant.

**MEMORANDUM ORDER**

Defendant filed a motion to dismiss or stay and compel arbitration. (D.I. 30). I referred the motion to a Magistrate Judge, who recommended granting Defendant's motion to stay and to compel arbitration. (D.I. 40). Plaintiff Romero objected. (D.I. 41). Defendant responded. (D.I. 44).

The Magistrate Judge gave a detailed explanation for her recommendation. I presume familiarity with it.

As the Magistrate Judge found, there is a valid arbitration agreement as to Plaintiff's WARN Act claim. (D.I. 40 at 5). It is undisputed that as to Plaintiff's individual WARN Act claim, the agreement provides that the arbitrator should decide any issues as to "scope, enforceability and effect" of the agreement. (*Id.* at 3, 5). It is further undisputed that Plaintiff cannot bring a "class action, representative proceeding, mass action or consolidated action" at arbitration. (*Id.* at 4, 5).

Plaintiff's complaint is styled as a class action with Plaintiff as a suitable class representative. (D.I. 1). "Plaintiff's claims are typical of those of the WARN Class." (*Id.* at 4).

Plaintiff's argument has evolved into this being a "representative action" (D.I. 40 at 5-6) in which he can represent a class although he does not himself have an individual claim.

I do not think Plaintiff wants to pursue his individual claim in arbitration, and, since any attempt to pursue his individual claim in this case would require Plaintiff to go first to the arbitrator for a ruling on whether he could do so, it seems safe to say, as Defendant does, "Plaintiff Romero confirms his abandonment in this litigation of his individual WARN [Act] claim." (D.I. 44 at 2).[1] Thus, what I think Plaintiff wants to do is to bring a WARN Act claim on behalf of others, but not on behalf of himself, in federal court and not in arbitration.[2] (D.I. 40 at 8). Plaintiff concedes, I think, that this would be unprecedented. (D.I. 41 at 10 ("case of first impression"); *see also* D.I. 44 at 5).[3] The Magistrate Judge pointed out that the statutory authority for bringing a WARN Act claim does not suggest such a thing is possible. (D.I. 40 at 7).

---

[1] I understand this to mean that Plaintiff concedes his individual claim must go to arbitration. I think this is true, although Plaintiff in his objections does not expressly say this. It would also follow, I think, that Plaintiff is abandoning his class action claims, because, if he does not have an individual claim in this case, he cannot be a suitable class representative.

[2] It appears that Defendant, a company that may have been having financial problems (*see* D.I. 44 at 6 n.4; *see also* D.I. 1 (300 employees terminated without notice beginning about August 2, 2021)), has its corporate headquarters in Salt Lake City, and a second physical location in Phoenix, and it seems likely that the individuals Plaintiff would like to represent are probably mostly located in or near Utah and Arizona, making me wonder why the case should not be transferred to the District of Utah, where the case could have been conveniently brought. Plaintiff alleges in his complaint that Defendant "conducted business" in Delaware (*id.* at ¶ 10), but there are no factual allegations that would suggest that Plaintiff "transacts business" within Delaware, as is required by 29 U.S.C. § 2104(a)(5). But, even if there is venue here, Delaware appears clearly to be an inconvenient place for the litigation, both for the laid off employees and troubled employer.

[3] While not presently before me, I would expect some percentage of the rest of the group of terminated-without-notice employees also signed arbitration agreements. I imagine that they too cannot be part of the class that can get relief from this WARN Act collective action lawsuit.

The Magistrate Judge also addressed Plaintiff's argument that the agreement is unenforceable if it acts to divest him of the right to bring a collective action on behalf of other employees who have a WARN Act claim. (D.I. 40 at 6-7). The Magistrate Judge noted that the enforceability of the agreement is expressly delegated to the arbitrator.

Plaintiff's objections are: (1) under Third Circuit law, no relevant arbitrability issue was clearly delegated to the arbitrator (D.I. 41 at 3-4); and (2) Plaintiff has a right to bring a WARN Act claim on behalf of others regardless of whether he has any right to bring one on behalf of himself (*id.* at 4-5). The second argument is based on the logic of: (a) the WARN act gives him such a right, which is essentially a question of statutory interpretation (*id.* at 5-8); and (b) that right cannot be waived by agreement (*id.* at 8-10).

Unless Plaintiff wins on the first argument and both parts of the second argument, he cannot proceed with this case. The Magistrate Judge ruled in Defendant's favor on all three arguments—the delegation issue (D.I. 40 at 5), the statutory interpretation issue (*id.* at 6-7), and on the waiver issue (*id.* at 7-9).

In my opinion, the Magistrate Judge was correct on the statutory interpretation issue, and thus I do not need to consider the other rulings.

The statutory interpretation issue involves 29 U.S.C. § 2104, and more specifically its subsection (a)(5). The statute generally discusses the liability of an employer to an "aggrieved employee." Then, in subsection (a)(5), it states: "A person seeking to enforce such liability, including a representative of employees or a unit of local government aggrieved under paragraph (1) or (3), may sue either for such person or for other persons similarly situated, or both, in any district court . . . ."

A "representative of employees" refers to a union. Plaintiff's view is that a "person" does not need to have an individual claim. This makes no sense. If the "person" has no individual claim, then "such person" also has no individual claim, and "other persons similarly situated" also have no claims. The statute requires that a plaintiff either have an individual claim or be a union.

The Report and Recommendation (D.I. 40) is ADOPTED to the extent relevant to the above discussion. The motion to dismiss or to stay and compel arbitration (D.I. 30) is GRANTED. I believe Plaintiff wants me to dismiss the case so that Plaintiff can take an appeal. Nevertheless, rather than dismissing the case and running the risk that I have misunderstood Plaintiff's intent, I will STAY the case. I request that Plaintiff promptly advise if he has waived his individual claim and wants me to dismiss the case (as opposed to staying the case while he takes his individual claim to arbitration), in which case I will dismiss the case.

IT IS SO ORDERED this 28th day of March 2023.

United States District Judge