IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| TYSON ROMERO on behalf of himself and all other similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>CENTER FOR EXCELLENCE IN HIGHER EDUCATION, INC.,<br><br>Defendant. | Civil Action No. 21-1124-RGA |

MEMORANDUM ORDER

Before me is Plaintiff's motion for entry of final judgment or, in the alternative, certification for interlocutory appeal. (D.I. 46). On March 28, 2023, I granted Defendant's motion to dismiss or to stay and compel arbitration. (*See* D.I. 45). At the time, I requested that Plaintiff promptly advise if he had waived his individual WARN Act claim and wanted me to dismiss the case, or if he wanted to take his individual claim to arbitration, in which case I would stay the case. (*Id.* at 4).

I have considered the parties' briefing. (D.I. 47, 48, 49). I do not separately recite any of the facts except as I see necessary to explain my decision. For the reasons set forth below, I DENY Plaintiff's motion.

I.   **LEGAL STANDARD**

   **A. Final Judgment**

In any case involving multiple claims or multiple parties, "the court may direct entry of a final judgment as to one or more, but fewer than all, claims . . . if the court expressly determines that there is no just reason for delay." Fed. R. Civ. P. 54(b). In considering whether to enter a

1

Rule 54(b) judgment, courts use a two-step analysis. *See Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 7–8 (1980); *see also Elliott v. Archdiocese of N.Y.*, 682 F.3d 213, 220 (3d Cir. 2012). A court must first decide, as a matter of law, whether a judgment is final. *Curtiss-Wright*, 446 U.S. at 7. If the requirement of finality is met, the court must determine whether, in its discretion, there is any just reason for delay. *Id.* at 8.

A judgment "includes a decree and any order from which an appeal lies." Fed. R. Civ. P. 54(a). To satisfy Rule 54(b), "[i]t must be a 'judgment' in the sense that it is a decision upon a cognizable claim for relief, and it must be 'final' in the sense that it is 'an ultimate disposition of an individual claim entered in the course of a multiple claims action.'" *Curtiss-Wright*, 446 U.S. at 7 (citation omitted).

To determine whether there exists a just reason for delay, the Third Circuit has set forth five factors: "(l) the relationship between the adjudicated and unadjudicated claims; (2) the possibility that the need for review might or might not be mooted by future developments in the district court; (3) the possibility that the reviewing court might be obliged to consider the same issue a second time; (4) the presence or absence of a claim or counterclaim which could result in set-off against the judgment sought to be made final; [and] (5) miscellaneous factors such as delay, economic and solvency considerations, shortening the time of trial, frivolity of competing claims, expense, and the like." *Berckeley Inv. Grp., Ltd. v. Colkitt*, 455 F.3d 195, 203 (3d Cir. 2006).

### B. Interlocutory Appeal

"The decision of whether to grant leave to file an interlocutory appeal is 'informed by the criteria set forth in 28 U.S.C. § 1292(b).'" *Chase Bank USA, N.A. v. Hess*, 2011 WL 4459604, at *1 (D. Del. Sept. 26, 2011) (citation omitted). A court may grant leave to file an interlocutory

appeal from an order if it "(1) involves a controlling question of law upon which there is (2) substantial grounds for difference of opinion as to its correctness, and (3) if appealed immediately, may materially advance the ultimate termination of the litigation." *In re SemCrude, L.P.*, 407 B.R. 553, 556–57 (D. Del. 2009) (citing *Katz v. Carte Blanche Corp.*, 496 F.2d 747, 754 (3d Cir. 1974)); *see also* 28 U.S.C. § 1292(b). "Interlocutory appeal is meant to be used sparingly and only in exceptional cases where the interests cutting in favor of immediate appeal overcome the presumption against piecemeal litigation." *Microsoft Mobile Inc. v. Interdigital, Inc.*, 2016 WL 8302609, at *1 (D. Del. June 13, 2016) (citation omitted).

## II.   DISCUSSION

### A. Final Judgment

Plaintiff argues that I already entered final judgment on his representative claim, leaving him with an individual claim that he intends to arbitrate. (D.I. 47 at 2–3). Plaintiff also argues there is no just reason for delaying the entry of final judgment on his representative claim. (*Id.* at 4–6). Plaintiff contends that there is no overlap between his representative and individual claims. (*Id.* at 4). Plaintiff further argues that a Rule 54(b) judgment is necessary to avoid "proceed[ing] with a lengthy arbitration which would hold up the adjudication of the other employees' claims (via a representative action) until the conclusion of [his] individual arbitration." (*Id.* at 5).

Defendant argues Rule 54(b) does not apply because the Complaint only alleges one claim against one defendant. (D.I. 48 at 4). Defendant also contends that I have not dismissed Plaintiff's representative claim because my previous order only stayed the case. (*Id.* at 5). Defendant further argues that entry of final judgment is inappropriate because Plaintiff's representative claim is not "separable" from his individual claim. (*Id.* at 7). Even if the Third

3

Circuit were to permit Plaintiff to bring a representative claim under the WARN Act, Defendant contends an arbitrator would still need to review the case to determine if Plaintiff's right was waived by contract. (*Id.*). Defendant argues Plaintiff cannot benefit from pursuing a representative claim, whereas Defendant would be prejudiced if it had to simultaneously litigate a representative claim and arbitrate whether Plaintiff's assertion of that claim violates his arbitration agreement. (*Id.* at 8).

I did not dismiss this case in my previous order. In March, I stated, "I believe Plaintiff wants me to dismiss the case so that Plaintiff can take an appeal." (D.I. 45 at 4). I then stated, "Nevertheless, rather than dismissing the case and running the risk that I have misunderstood Plaintiff's intent, I will STAY the case." (*Id.*). The requirement of finality is therefore not met, and Plaintiff's argument under Rule 54(b) fails. Even if there were finality, Plaintiff's Complaint only has one count against one defendant. (D.I. 1 at 5–6).[1]

## B. Interlocutory Appeal

Plaintiff alternatively argues that my March order is the sort of interlocutory order that should be certified for appeal. (D.I. 47 at 6). Plaintiff contends that the question of whether the WARN Act permits him to bring a representative claim is a controlling question of law. (*Id.*). Plaintiff argues this question is a statutory interpretation issue of consequence to WARN Act plaintiffs nationwide. (*Id.*). Plaintiff compares this case to state court litigation regarding the California Private Attorneys General Act to suggest there are substantial grounds for a difference of opinion on WARN Act interpretation. (*Id.* at 6–7). Plaintiff contends that an appeal is "the only way" to materially advance litigation of his representative claim. (*Id.* at 7–8).

---

[1] Because there is no final judgment and there are not multiple claims or multiple defendants, I do not address whether there is a just reason for delay.

Defendant argues that a certification for interlocutory appeal is inappropriate in this case. (D.I. 48 at 9–10). Defendant contends there is no controlling question of law and argues that Plaintiff's mere disagreement with the Court is insufficient to establish a substantial ground for difference of opinion. (*Id.* at 11–12). Defendant contends that only aggrieved employees, "representatives" (unions), and local government units have standing under the WARN Act. (*Id.* at 12). Defendant calls Plaintiff's references to California's PAGA litigation meritless. (*Id.* at 13).

Plaintiff has not shown that there are substantial grounds for a difference of opinion as to a controlling question of law. First, Plaintiff's mere disagreement with the Court's ruling is insufficient to create a substantial ground for a difference of opinion. *See Accenture Glob. Servs., GmbH v. Guidewire Software, Inc.*, 800 F. Supp. 2d 613, 622–23 (D. Del. 2011) ("A party's disagreement with the district court's ruling does not constitute 'a substantial ground for a difference of opinion' within the meaning of § 1292(b)." (cleaned up)). Second, Plaintiff's reliance on PAGA litigation in California state courts is unpersuasive. In the Report and Recommendation, the Magistrate Judge found that the relevant WARN Act provision "bears no resemblance" to the representative claim provision in the California statute:

> [T]he California state statute . . . created a type of *qui tam* action that allowed an employee plaintiff to sue as an agent or proxy of the state, and the code provisions enforced through the statute established public duties that were owed to the state, not private rights belonging to employees in their individual capacities. . . . [The WARN Act provision] merely permits an individual plaintiff to pursue a class/representative action to assert his and other employees' individual rights to the statutory remedies provided . . . .

(D.I. 40 at 7 (footnote omitted)). I agree with the Magistrate Judge, and I find that an interlocutory appeal is not appropriate here.[2]

### III. CONCLUSION

For the reasons discussed above, I DENY Plaintiff's motion for entry of final judgment or, in the alternative, certification for interlocutory appeal. (D.I. 46). This case is STAYED while Plaintiff takes his claim to arbitration. The parties should advise when the arbitration process has been completed.

IT IS SO ORDERED.

Entered this 19th day of October, 2023

/s/ Richard G. Andrews
United States District Judge

---

[2] Denying an interlocutory appeal of an order that stays a case pending arbitration is consistent with the Federal Arbitration Act's statutory policy. *See Commonwealth Ins. Co. v. Underwriters, Inc.*, 846 F.2d 196, 199 (3d Cir. 1988) ("The statutory policy is that of rapid and unobstructed enforcement of arbitration agreements. Routine interlocutory appellate consideration of stays pending arbitration would frustrate both that policy and the long-standing federal policy against piecemeal review." (citation omitted)); *see also Coinbase, Inc. v. Bielski*, 599 U.S. 736, 740 (2023) ("Notably, Congress provided for immediate interlocutory appeals of orders denying—but not of orders granting—motions to compel arbitration.").